STATE, MARGARET T. ROBINS, PROSECUTRIX, v. COMMISSIONERS OF STREETS AND SEWERS IN THE CITY OF NEW BRUNSWICK.

Where a sidewalk is laid, the street being unpaved, and a gutter is necessary for the security of the sidewalk, the expense of laying the gutter is part of the expenses of constructing the sidewalk, and may be included in the assessment of the cost and expenses of the sidewalk.

---

On *certiorari.*

Argued at November Term, 1881, before Justices DEPUE, VAN SYCKEL and PARKER.

For the plaintiff, *C. T. Cowenhoven.*

For the defendants, *A. V. Schenck.*

The opinion of the court was delivered by

DEPUE, J. The questions presented by this writ of *certiorari* were all disposed of in *Kirkpatrick* v. *Commissioners,* 13 *Vroom* 510, excepting that of the legality of assessing the cost and expenses of a gutter as part of the cost of laying the sidewalk.

It is agreed that the assessment is valid if this part of the improvement was a part of, a necessary incident of, the construction of the sidewalk, and invalid if part of the roadway.

Testimony on this subject has been taken under a rule of this court.

The projected improvement contemplated only the making of a sidewalk. The road-bed of the street is still unpaved.

The depositions show that when a street is unpaved a gutter is necessary to be laid for the security of the sidewalk; that without a gutter the curb and brick or flag pavement of the sidewalk would soon be impaired or destroyed by the flow of water from the sidewalk and such water as is carried on the sidewalk by the leaders from the houses, and that a gutter as this is laid is so completely incident to, and an appendage of, the sidewalk, that, if the street shall afterwards be paved, it will be necessary to take up the gutter in order to properly pave the roadway of the street.

The proof shows that in this case the gutter was part of the work necessary to be done in the construction of the sidewalk. Under such circumstances the expense of laying the gutter is part of the expense of the construction of the sidewalk, and its cost may properly be included in the costs and expenses of the sidewalk, and be assessed in the same manner.

The assessment is affirmed.